■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT MADSEN, Appellant.— Order unanimously reversed and matter remitted to Erie County Court for a hearing in accordance with the following Memorandum: Although defendant's petition contained only conclusory allegations that his plea of guilty had been coerced, so that the court was correct in its memorandum-decision denying *coram nobis* relief for that reason, on the date of the court's decision the defendant filed an affidavit in answer to the District Attorney's affidavit opposing the petition; and the order, prepared by the District Attorney, denying the petition recited that the denial was upon all of the above papers. It does not appear that defendant's said affidavit supplementing his petition actually came to the court's attention; but in view of the recital in the order the District Attorney acknowledges that said affidavit should be considered on this appeal. The affidavit avers that while defendant was on bail prior to sentencing, on February 14, 1964 between 10:00 A.M. and 11:00 A.M. he was walking in the Erie County Courthouse with his two children, aged five and seven years respectively, when an Assistant District Attorney approached him and said, "Madsen, if you don't give me a plea of guilty right now, I'm going to revoke your bail as of now and lock you up". The defendant states that he replied, "You can't do that because I have my kids with me", and he says that the Assistant District Attorney answered, "I don't care, because I'm interested in you — your kids will be taken care of until someone picks them up. If you take the plea right now, you can take them home yourself." Accordingly, a question of fact is presented, and the defendant is entitled to a hearing to determine the circumstances underlying his plea, as to its voluntariness (*People* v. *Picciotti,* 4 N Y 2d 340; *People* v. *Samson,* 30 A D 2d 771; *People* v. *Whipple,* 27 A D 2d 799; *People* v. *Gleason,* 18 A D 2d 959). (Appeal from order of Erie County Court denying, without a hearing, motion to vacate judgment of conviction for forgery, second degree.) Present — Goldman, J. P., Del Vecchio, Marsh, Witmer and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARTIN SOSTRE, Appellant, v. B. JOHN TUTUSKA, as Sheriff of Erie County, Respondent.— Appeal dismissed as academic. Memorandum: Appellant seeks to review an order entered November 27, 1967 dismissing a writ of habeas corpus. Therein petitioner sought to review an order fixing bail in the sum of $12,500. We take judicial notice of the fact that in March, 1968 appellant was convicted of certain counts of the indictment upon which he was in custody in November, 1967. Appellant is now confined in a State prison and an appeal is pending in this court from the judgment of conviction. The issues presented by the instant appeal thus have become academic. (Appeal from order of Erie Special Term dismissing writ of habeas corpus, following a hearing.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.