■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL ACTIE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered June 18, 1982, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. The case is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The prosecution concedes that reversal is mandated because the People presented no evidence at trial that the .22 caliber gun found in defendant's glove compartment was operable and thereby failed to prove that defendant was in possession of a "firearm" within the meaning of subdivision 3 of section 265.00 and section 265.01 of the Penal Law (*People v Grillo*, 15 AD2d 502; *People v De Witt*, 285 App Div 1157). In view of the foregoing there is no need to pass on defendant's other contentions. O'Connor, J. P., Weinstein, Niehoff and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ALICEA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered November 13, 1980, convicting him of rape in the first degree, robbery in the first degree, criminal possession of stolen property in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing concurrent sentences of 6 to 12 years on the first two counts and one year on the last two counts, upon his adjudication as a second felony offender. By order dated August 9, 1982, this court modified the judgment, on the law, by vacating the sentences and the determination that defendant was a second felony offender and remitting the matter to the Supreme Court, Kings County, for resentencing (*People v Alicea*, 89 AD2d 872). On December 15, 1983 the Court of Appeals reversed the order of this court and remitted the case here for determination of the facts (61 NY2d 9). Judgment affirmed. Defendant has failed to show that the sentencing court abused its discretion in imposing the sentences; nor has he presented any facts which would lead this court to exercise its own discretion and reduce the sentences in the interest of justice. Therefore, the judgment should be affirmed (see *People v Suitte*, 90 AD2d 80). Thompson, J. P., Bracken, O'Connor and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BRUNO, Appellant. — Two judgments of the County Court, Nassau County (Samenga, J.), both rendered February 16, 1983, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.