■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered May 31, 1984, convicting him of burglary in the second degree (two counts), upon a jury verdict, and sentencing him to two consecutive terms of 7½ to 15 years' imprisonment. The appeal brings up for review the denial, in part, after a hearing, of the defendant's motion to suppress identification testimony.

Judgment affirmed.

Although the hearing court suppressed evidence of a showup because it found the showup to be impermissibly suggestive, it was not error for the court to permit one of the complainants to make an in-court identification of the defendant. That complainant's attentive observation of the defendant during the commission of the crime, as evidenced by his accurate description of the defendant, provided an independent basis for the identification (see, *People v Ballott,* 20 NY2d 600; *People v Malphurs,* 111 AD2d 266).

There is no merit to the defendant's claim that the sentence of two consecutive terms of 7½ to 15 years' imprisonment was unduly harsh or excessive, in view of his extensive criminal record which includes a prior felony conviction. Nor has the

defendant made a showing sufficient to warrant modification of this sentence (see, People v Alicea, 99 AD2d 815; People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be unpreserved and, in any event, without merit. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.