■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER ADLER, Appellant.—Judgment unanimously affirmed. Memorandum: After being arrested on a charge that he was operating his motorcycle while in an intoxicated condition, defendant was given his *Miranda* warnings and agreed to submit to a breathalyzer test. He was also advised that a refusal to submit to the test would result in the suspension of his driver's license and that a refusal would be used as evidence against him. On three separate occasions in the conduct of the test, defendant ostensibly blew into the instrument used to record his blood alcohol content but, in the opinion of the administering officer, did so in such way that the instrument failed to record that a sample was being received. After being advised that his noncooperation would be treated as a refusal, defendant stated that he would take the test. This offer was refused by the officer.

Vehicle and Traffic Law § 1194 (4) provides that "[e]vidence of a refusal to submit to such chemical test or any portion thereof shall be admissible in any trial * * * but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in his refusal". The constitutionality

of this section has long been established *(see, People v Thomas,* 46 NY2d 100, 106, *appeal dismissed* 444 US 891). Defendant's argument that the People must present the same proof of the instrument's accuracy as is required if the People are attempting to introduce the results of the test itself is without merit. In the case of a refusal, the People are not relying upon the accuracy of the test result as prima facie proof that defendant was intoxicated. Indeed, in this case, the breathalyzer's ability to calibrate defendant's blood alcohol content accurately is not an issue.

To establish a refusal, the People must show that the failure to register a sample is the result of defendant's action and not of the machine's inability to register the sample. On our review of the record, we conclude that the People clearly carried their burden and that defendant's conviction should be affirmed.

We have reviewed defendant's other contentions and find them to be without merit. (Appeal from judgment of Erie County Court, Dillon, J.—felony driving while intoxicated.) Present—Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.