■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GALVESTER J. BRATCHER, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered September 26, 1988, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol.

Defendant was charged in a one-count indictment returned by the Grand Jury with the crime of operating a motor vehicle while under the influence of alcohol, a felony, in violation of Vehicle and Traffic Law § 1192 (3). He was tried before a jury and found guilty as charged. County Court thereafter imposed a sentence of 1⅓ to 4 years' imprisonment, a $500 fine and a $10 surcharge.

On appeal defendant contends that County Court erroneously (1) dismissed his habeas corpus applications, (2) received evidence of his refusal to take a chemical test since he was not properly advised of the results of the failure to submit to such test, (3) failed to find that defendant was arrested with-

out probable cause, and (4) deprived defendant of a fair trial by the statements and questions of the court. Defendant also argues that the verdict was against the weight of the evidence. Defendant's arguments for reversal are without merit. The judgment of conviction should be affirmed.

In view of defendant's incarceration pursuant to his conviction and sentence, his appeal from the denial of his writs of habeas corpus made on May 18, 1988 and May 23, 1988 is now moot *(see, People ex rel. Sostre v Tutuska,* 31 AD2d 737, *lv denied* 23 NY2d 646; *see also, People ex rel. London v Baschnagel,* 100 AD2d 690). As to the receipt into evidence of defendant's refusal to submit to the chemical test, there was ample evidence presented from which the jury could find that defendant was given clear unequivocal warning of the effect of his refusal to submit to the chemical test and, thus, such evidence was properly received (Vehicle and Traffic Law § 1194 [1]; *People v Thomas,* 46 NY2d 100, *appeal dismissed* 444 US 891). Defendant's refusal to breathe into the Intoxilyzer after being advised that his first attempt was inadequate to show a reading, together with proof that the machine was in good working order, was sufficient to constitute a refusal *(see, People v Adler,* 145 AD2d 943, *lv denied* 73 NY2d 919).

There was also sufficient evidence provided by the arresting officers to establish probable cause for defendant's arrest for operating a motor vehicle while under the influence of alcohol. They testified that they observed defendant's car weaving in its own lane and also crossing over into the opposite lane of travel. Thereafter, the officers had ample opportunity to observe that defendant had red, watery eyes, slurred speech, a strong odor of alcohol on his breath, a staggering walk, and was swaying while standing.

County Court's interjection into the trial by questioning witnesses did not rise to the level of overstepping the bounds of propriety so as to deprive defendant of a fair trial *(see, People v Tucker,* 140 AD2d 887, 891-892, *lv denied* 72 NY2d 913). Contrary to defendant's assertions, the jury verdict was amply supported by the evidence.

Judgment affirmed. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.