■ In the Matter of KELVIN P., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of the Family Court, Bronx County (Harold Lynch, J.), entered February 7, 1990, which adjudicated appellant a juvenile delinquent and, on appellant's consent, placed him with the New York State Division for Youth, Title II, for one year, predicated upon a fact-finding determination by the Family Court dated December 13, 1989 that appellant had committed acts which, if committed by an adult, would constitute criminal possession of a weapon in the third degree, unanimously affirmed, without costs.

The trial court, following a *Mapp* hearing, denied appellant's motion to suppress. According to the police officer who testified at the hearing, he and his partner were on plainclothes patrol when they were approached by a cab driver who informed them that appellant and others had just pointed a gun at him. The officers immediately drove around the corner, having directed the cab driver to follow them, and observed appellant and a companion, who fit the general description given by the cab driver, a short distance away. Observing a bulge in appellant's jacket, one of the officers directed appellant to put his hands on his head, and asked him what was the bulge. Appellant responded that it was a gun, whereupon the officer recovered the weapon. At this point, the cab driver, who had followed police around the corner, drove off without having confirmed the identification.

Appellant testified in a manner which directly contradicted the officer's testimony. Appellant claimed that he had only been walking a friend home from school when police drove up, threw him against the wall, and searched him.

The hearing court observed that the officer did not mention in the complaint report, nor in his memo pad, that he had received the information from the cab driver. Although noting the officer's carelessness in "bookkeeping", the hearing court credited the officer's testimony entirely, and entirely discredited appellant's testimony. We do not find any basis to disturb that determination. As such, we do not agree with appellant that the officer's testimony was incredible as a matter of law.

The stop and inquiry were proper as the information in the officer's possession was sufficient to justify the stop *(see, People v Stewart,* 41 NY2d 65). Although the informant absented

himself before he could confirm the identification, the information which he imparted was sufficient for the stop and inquiry *(People v Castro,* 115 AD2d 433, *affd* 68 NY2d 850). Appellant's response to the officer's inquiry then provided the basis for the further search *(see, People v Bennett,* 70 NY2d 891).

Finally, we find no infirmity in the facial sufficiency of the petition, which was subsequently augmented by a ballistics report which established operability of the weapon *(see, Matter of Rodney J.,* 108 AD2d 307). Concur—Ross, J. P., Milonas, Asch, Ellerin and Rubin, JJ.