■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO CORTINA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered February 14, 1989, convicting him of criminal possession of a controlled substance in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the County Court properly found that the search warrant executed at the defendant's girlfriend's apartment that resulted in the recovery of a quantity of cocaine was predicated upon probable cause *(see, People v Bigelow,* 66 NY2d 417; *People v Elwell,* 50 NY2d 231; *People v Hanlon,* 36 NY2d 549). Indeed, the police secured this search warrant upon information provided by two confidential informants who implicated the defendant in narcotics sales *(see, People v Johnson,* 66 NY2d 398; *People v Elwell, supra).* Furthermore, the information provided by the informants was corroborated by police surveillance linking the defendant to the apartment and a sale of cocaine was made by the defen-

dant to one of the informants while under police surveillance. This information, as detailed in the affidavit submitted in support of the warrant application, clearly provided probable cause for its issuance *(see, People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852; *People v Londono,* 148 AD2d 753).

Contrary to the contention of the defendant, his sentence was not excessive *(see, People v Alicea,* 99 AD2d 815; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.