■ In the Matter of REY R., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Schecter, J.), dated February 25, 1991, which upon a fact-finding order of the same court, dated February 5, 1991, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Division for Youth for a period not to exceed 18 months. The appeal brings up for review the fact-finding order dated February 5, 1991.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On December 7, 1990, at 3:40 A.M., the arresting officer observed the then 15-year-old appellant sitting behind the wheel of a vehicle with its engine running. The officer also observed that the car's "vent" window and steering column had been broken. In response to the officer's inquiry, the appellant was unable to produce any registration for the vehicle and stated that the car did not belong to him. Believing the vehicle to be stolen, the officer requested the appellant to step out of the car, whereupon the officer "patted * * * down" the appellant and removed a screwdriver from his pocket. The appellant was arrested, and a juvenile delinquency petition, supported only by the deposition of the arresting officer, was brought against the appellant.

On appeal, the appellant argues that without the supporting deposition of the car owner showing that the car was indeed

stolen, the petition was facially insufficient and thus jurisdictionally defective.

The nonhearsay allegations and discoveries of the officer, as stated in his supporting deposition, were sufficient to infer, from the surrounding circumstances, the appellant's lack of ownership and nonpermissive use of the car *(see, People v Borrero,* 26 NY2d 430, 436; *Matter of Timothy L.,* 71 NY2d 835, 836). In addition, the appellant's statement to the officer that the appellant did not own the car, although hearsay, constituted admissible hearsay as either an admission or declaration against penal interest *(see,* Richardson, Evidence §§ 209-211, 255-258, 260 [Prince 10th ed]). As such, the statement can be considered in assessing the facial sufficiency of the petition *(see, Matter of Rodney J.,* 108 AD2d 307, 311).

Under these circumstances, the petition established a legally sufficient case against the appellant in that it set forth " 'sufficient evidence to warrant a conviction, if unexplained or uncontradicted' " *(Matter of Jahron S.,* 79 NY2d 632, 639, quoting *People v Potwora,* 44 AD2d 207, 210).

We have considered the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.