■ In the Matter of ALEX B., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Schindler, J.), dated March 5, 1991, which, upon a fact-finding order of the same court dated January 29, 1991, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, and unlawful possession of a weapon by a person under sixteen, adjudged him to be a juvenile delinquent and placed him with the Division for Youth Title II for a period of 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petition in the instant proceeding alleged that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, and unlawful possession of a weapon by a person under sixteen. In his supporting deposition, the arresting officer stated that he observed an automatic .32 caliber Davis handgun in the appellant's backpack. The ballistics report attached to the petition stated that the gun which was tested, a .32 caliber Davis handgun, was operable and was defaced. Upon this appeal, the appellant challenges the sufficiency of the petition, arguing that it lacked allegations establishing all of the elements of the offenses charged. We disagree.

Family Court Act § 311.1 (3) (h) states that a juvenile delinquency petition must include a "plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged and the [appellant's] commission thereof with sufficient precision to clearly apprise the [appellant] of

the conduct which is the subject of the accusation". However, a juvenile delinquency petition is only facially sufficient if it contains nonhearsay allegations in either the factual part of the petition or the supporting depositions which, if true, establish every element of the crimes charged and the appellant's commission thereof (see, Family Ct Act § 311.2 [3]). Therefore, since the Family Court Act prohibits allegations in the petition of an "evidentiary nature", the supporting depositions must necessarily contain nonhearsay allegations of every element of the crimes charged (see, Matter of Jahron S., 79 NY2d 632). The failure to set forth nonhearsay allegations of every element of the crimes charged is a nonwaivable jurisdictional defect and is fatally defective to the petition (see, Matter of Jahron S., supra; Matter of Detrece H., 78 NY2d 107; cf., Matter of Edward B., 80 NY2d 458).

It is well settled that before there can be a conviction for the possession of a firearm as a weapon, the firearm must be operable (see, People v Actie, 99 AD2d 815; People v Ansare, 96 AD2d 96, 97). In the instant matter, the ballistics report was sufficiently connected to the appellant and the deposition of the arresting officer alleged that the officer personally observed the appellant in possession of the weapon. Since the nonhearsay allegations of the supporting deposition, together with the attached ballistics report, established, if true, every element of the crime charged and since the petition provided reasonable cause to believe that the appellant committed the crime, the petition was legally sufficient (see, Matter of Jose M., 178 AD2d 343; see also, Matter of Kelvin P., 166 AD2d 395). Moreover, since the ballistics report was appended to the petition from the outset, this case is distinguishable from Matter of Jahron S. (supra) wherein a petition was dismissed due to the failure to include a laboratory report showing that vials recovered from the appellant therein contained cocaine. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.