■ In the Matter of SHANNON G., a Person Alleged to be a Juvenile Delinquent, Appellant. [600 NYS2d 478] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Martinez-Perez, J.), entered October 29, 1991, which, upon a fact-finding order of the same court, dated August 5, 1991, made after a hearing, finding that the appellant committed (1) an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree, and (2) the crime of unlawful possession of a weapon by a person under the age of 16 years, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated August 5, 1991.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

On January 21, 1991, a police officer in Brooklyn heard what he believed to be gunshots coming from a nearby location. After driving to this location the officer saw "four or five males" walking down the street. After ordering the group to stop, the officer observed approximately one-half inch of the barrel of a rifle sticking out from under the appellant's jacket. The appellant was then placed under arrest.

On February 27, 1991, the presentment agency filed a juvenile delinquency petition against the appellant charging him with various counts of weapon possession. Neither the petition nor the arresting officer's deposition included any allegation that the weapon recovered was in fact operable. Nor was any ballistics report of the weapon annexed to the petition. A later application by the presentment agency to amend the petition to include a ballistics report was denied by the court. At the same time, the court denied the appellant's motion to dismiss, holding that the deposition of the officer was sufficient to infer the element of the weapon's "operability." We now reverse.

"It is well settled that before there can be a conviction for the possession of a firearm as a weapon, the firearm must be operable" *(Matter of Alex B.,* 189 AD2d 813, 814; *see also, People v Actie,* 99 AD2d 815; *People v Ansare,* 96 AD2d 96, 97). In addition, in order for a petition to be legally sufficient it

must set forth a prima facie case, i.e., evidence sufficient to warrant a conviction, if unexplained or uncontradicted (see, Matter of Jahron S., 79 NY2d 632).

In the case at bar, it is undisputed that the arresting officer's deposition did not state that he saw the appellant, or anyone else, actually fire the weapon in question. Thus, in the absence of a ballistics report, the petition was legally insufficient to establish that the weapon seized was operable, and, as a result, insufficient to warrant a conviction for criminal possession of a weapon (see, Matter of Alex A., 189 AD2d 596).

Contrary to the presentment agency's argument on appeal, the element of the weapon's operability cannot be inferred from the officer's supporting deposition. It is possible that due to the particular nature of a crime, an element of the crime may be inferred from the surrounding circumstances set forth in the supporting deposition (see, Matter of Rey R., 188 AD2d 473), or the supporting deposition may establish an element of the crime based upon, inter alia, the special knowledge of the affiant (see, Matter of Jahron S., 79 NY2d 632, 640, supra). However, neither of these scenarios is present.

Accordingly, since the petition is jurisdictionally defective, the order of disposition is reversed and the petition is dismissed. Rosenblatt, J. P., Miller, Santucci and Joy, JJ., concur.