THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON CONNELLY, Appellant. [863 NYS2d 227]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered August 10, 2005, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's *Batson* challenge (*see Batson v Kentucky,* 476 US 79 [1986]) was properly denied as he failed to make the requisite prima facie showing of discrimination. The defendant relied solely on the number of Hispanic venirepersons challenged by the prosecution to support his request for race-neutral explanations, and offered no showing of circumstances sufficient to raise an inference of a pattern of discrimination (*see People v Brown,* 97 NY2d 500, 507-508 [2002]; *People v Severino,* 44 AD3d 1077, 1078 [2007]; *People v Thigpen,* 14 AD3d 518 [2005]).

The Supreme Court properly declined to charge the jury with the inclusory concurrent count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), since there was no "reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]). Contrary to the defendant's contention, to establish criminal possession of a weapon in the fourth degree based on possession of a firearm, the People must establish that the firearm is operable (*see People v Longshore,* 86 NY2d 851, 852 [1995]; *People v Grillo,* 15 AD2d 502 [1961], *affd* 11 NY2d 841 [1962]; *see also People v Aguilar,* 202 AD2d 512 [1994]; *Matter of Shannon G.,* 195 AD2d 556, 556-557 [1993]; *People v Actie,* 99 AD2d 815 [1984]). Thus, had the jury believed that the firearm was inoperable, it could not have convicted the defendant on the lesser charge but, rather, would have had to acquit him on both the lesser and the greater charges. Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur.