OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
This case arose from an altercation between defendant and the complainant, during the course of which the complainant was injured and her eyeglasses were broken. Viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence was legally sufficient to establish defendant’s guilt of assault in the third degree (Penal Law § 120.00 [1]), harassment in the second degree (Penal Law § 240.26 [1]), and criminal mischief in the fourth degree (Penal Law § 145.00 [3]). Moreover, giving much deference to the jury’s verdict, particularly with respect to its credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]), even as we conduct our own review of the evidence (see People v Bleakley, 69 NY2d 490 [1987]), we find that the verdict was not against the weight of the evidence with respect to any of the elements of the offenses or of the justification defense as charged to the jury (see People v Danielson, 9 NY3d 342 [2007]).
*18 Defendant’s Batson challenge (see Batson v Kentucky, 476 US 79 [1986]) was properly denied, as she failed to make the requisite prima facie showing of discrimination. The prosecutor’s exercise of a peremptory challenge against one African-American prospective juror, under the circumstances here presented, was not sufficient to raise an inference of discrimination (see generally People v Connelly, 54 AD3d 348 [2008]; cf. People v Scott, 70 NY2d 420, 425-426 [1987]).
With respect to the criminal mischief charge, a licensed optician testified that, to his knowledge, there did not exist “any market for somebody’s used prescription glasses that are tailored to their vision.” Under the circumstances, the court properly instructed the jury to the effect that, in determining whether defendant damaged the complainant’s property “in an amount exceeding two hundred fifty dollars” (Penal Law § 145.00 [3]), it should consider the value of the complainant’s eyeglasses to be the cost of replacing them (see Penal Law § 155.20 [1]). The optician also testified to the effect that the complainant had a “breakage protection plan” that partially covered the cost of the eyeglasses that she purchased to replace those broken during the altercation. We find that the court did not err in charging, in response to an inquiry from the jury, that the replacement cost was “the value to replace not taking into account the breakage loss plan” (see generally People v Kim, 91 NY2d 407, 411-412 [1998]; People v Civitello, 287 AD2d 784, 786-787 [2001]).
Finally, the court did not err in refusing to admit into evidence a photograph that, according to a defense witness, depicted the extent of an injury inflicted on defendant by the complainant during the altercation. As defendant was the initial aggressor, the extent of any injuries suffered by her was irrelevant (see Penal Law § 35.15).
McCabe, J.E, Tanenbaum and Molía, JJ., concur.