■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN R. BOMBARD, Appellant. [38 NYS3d 923]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered February 26, 2014. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class E felony.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]). Defendant was sentenced to an indeterminate prison term of 1⅓ to 4 years and ordered to pay a fine in the amount of $2,000. Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review his contentions that County Court erred in admitting evidence of his refusal to submit to a breathalyzer test and in instructing the jury that an adverse inference could be drawn from his refusal (*see People v Kithcart*, 85 AD3d 1558, 1559 [2011], *lv denied* 17 NY3d 818 [2011]; *see generally* CPL 470.05 [2]). In any event, defendant's contentions lack merit. "To establish a refusal, the People must show that the failure to register a sample is the result of defendant's action and not of the machine's inability to register the sample" (*People v Adler*, 145 AD2d 943, 944 [1988], *lv denied* 73 NY2d 919 [1989]; *see People v Bratcher*, 165 AD2d 906, 907 [1990], *lv denied* 77 NY2d 958 [1991]; *Matter of Van Sickle v Melton*, 64 AD2d 846, 846 [1978]; *see generally* Vehicle and Traffic Law § 1194 [2] [f]), and we conclude that the People met that burden here. The People also were therefore entitled to an adverse inference charge based on defendant's refusal (*see People v Thomas*, 46 NY2d 100, 110 [1978], *appeal dismissed* 444 US 891 [1979]; CJI2d[NY] Vehicle & Traffic Law § 1192 [3]).

Finally, we reject defendant's contention that the sentence is unduly harsh and severe, particularly in view of defendant's history of convictions of driving while intoxicated. Present—Centra, J.P., Peradotto, Lindley, Curran and Troutman, JJ.