# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

773
KA 14-01519
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

STEPHEN R. BOMBARD, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, MULDOON, GETZ & RESTON, ROCHESTER (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (MELANIE J. BAILEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered February 26, 2014. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class E felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]). Defendant was sentenced to an indeterminate prison term of 1⅓ to 4 years and ordered to pay a fine in the amount of $2,000. Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contentions that County Court erred in admitting evidence of his refusal to submit to a breathalyzer test and in instructing the jury that an adverse inference could be drawn from his refusal (*see People v Kithcart*, 85 AD3d 1558, 1559, *lv denied* 17 NY3d 818; *see generally* CPL 470.05 [2]). In any event, defendant's contentions lack merit. "To establish a refusal, the People must show that the failure to register a sample is the result of defendant's action and not of the machine's inability to register the sample" (*People v Adler*, 145 AD2d 943, 944, *lv denied* 73 NY2d 919; *see People v Bratcher*, 165 AD2d 906, 907, *lv denied* 77 NY2d 958; *Matter of Van Sickle v Melton*, 64 AD2d 846, 846; *see generally* Vehicle and Traffic Law § 1194 [2] [f]), and we conclude that the People met that burden here. The People also were therefore entitled to an adverse inference charge based on defendant's refusal (*see*

*People v Thomas*, 46 NY2d 100, 110, *appeal dismissed* 444 US 891; CJI2d[NY] Vehicle & Traffic Law § 1192 [3]).

Finally, we reject defendant's contention that the sentence is unduly harsh and severe, particularly in view of defendant's history of convictions of driving while intoxicated.

Entered:  October 7, 2016                        Frances E. Cafarell
                                                 Clerk of the Court