The People of the State of New York, Respondent,
against
Cristian Morales, Appellant.




Nassau County Legal Aid Society (Tammy Feman, Dori Cohen of counsel), for appellant.
Nassau County District Attorney (Andrea M. DiGregorio, Donald Berk of counsel), for respondent

Appeal from six judgments of the District Court of Nassau County, First District (Valerie Alexander, J.), rendered October 13, 2011. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated (per se), driving while intoxicated (common law), speeding, failing to signal before turning, and operating a motor vehicle with a broken windshield, and, upon a plea of guilty, of unlicensed operation of a motor vehicle, respectively. By decision and order on motion dated August 10, 2015, this court granted a motion by the People to dismiss the appeal on the ground, among others, that defendant had been deported and was no longer available to obey the mandate of the court (People v Morales, 2015 NY Slip Op 82166[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). On December 15, 2016, the Court of Appeals reversed the order on motion of this court and remitted the matter to this court for further proceedings (People v Morales, 28 NY3d 1087 [2016]).




Now, following remittitur from the Court of Appeals, it is
ORDERED that the judgments convicting defendant of driving while intoxicated (per se), driving while intoxicated (common law), and failing to signal before turning are affirmed; and it is further,
ORDERED that the judgments convicting defendant of speeding and operating a motor vehicle with a broken windshield are reversed, on the law, the simplified traffic informations charging those offenses are dismissed, and the fines therefor, if paid, are remitted; and it is [*2]further,
ORDERED that so much of the appeal as is from the judgment convicting defendant of unlicensed operation of a motor vehicle is dismissed as abandoned.
The People charged defendant, in separate simplified traffic informations, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), speeding (Vehicle and Traffic Law § 1180 [d]), failing to signal before turning (Vehicle and Traffic Law § 1163 [a]), operating a motor vehicle with a broken windshield (Vehicle and Traffic Law § 375 [22]), and unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]), respectively.
After a Sandoval hearing (see People v Sandoval, 34 NY2d 371 [1974]), the District Court held that defendant could be asked at trial about his undocumented immigration status and a prior conviction of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1]). During jury selection, when the People exercised a peremptory challenge to excuse a prospective female juror (number 7), the court denied defense counsel's gender-based Batson challenge(see Batson v Kentucky, 476 US 79 [1986]).
Thereafter, defendant moved to preclude evidence of his refusal at the precinct to submit to a chemical breath test, contending solely that the instructions the officer had given him concerning a refusal were not in Spanish. Following a pretrial refusal hearing conducted shortly before the trial pursuant to Vehicle and Traffic Law § 1194 (2) (f), the court ruled that the People would be permitted to introduce evidence at trial that defendant had refused to submit to a chemical test.
At a jury trial, Police Officer McGauley testified that he had been on patrol when he had observed a motor vehicle traveling at a rate of 52 miles per hour, and that the speed limit in the Village of Hempstead is 30 miles per hour. He testified further that he had observed defendant make a left turn into a parking lot without signaling. After stopping defendant's vehicle, he noticed a crack in the windshield and observed defendant fumbling for the documents the officer had requested at the time of the stop. He further observed that defendant's eyes were red, glassy and bloodshot, there was a strong odor of alcohol emanating from defendant's breath and his speech was slurred. Upon administering field sobriety tests, he determined that defendant failed the horizontal gaze nystagmus test and the one-legged stand test. Although defendant performed the nine-step walk and turn test "fairly well," he had raised his arms to keep his balance. The officer concluded that defendant was intoxicated.
Police Officer Collins testified that he had properly warned defendant of the penalty for the refusal to take the breath test, that defendant appeared to understand the warnings given to him in English, and that defendant had acknowledged his assent in English, both orally and in writing. Although Officer Collins had given defendant instructions on how to properly blow into the mouthpiece, defendant failed to properly place his lips around the mouthpiece and, instead, blew out from the side of his mouth. Officer Collins testified that defendant's blood alcohol (BAC) test results were "insufficient sample" readings of .12 and .13, respectively.
Police Officer Nicholson was qualified as an expert witness on the Intoxilyzer 5000EN and testified that an "insufficient sample" reading on the breathalyzer device denotes that a breath sample had been provided but that the individual had not blown long enough into the instrument and, thus, was not doing as instructed. As a result, the reading will be the highest BAC that can [*3]be obtained, but will be less than a reading from a properly performed breath test. He testified further that the maintenance and calibration logs admitted into evidence established that the Intoxilyzer 5000EN device used to test defendant's breath was in proper working order. Additionally, he testified that if there was the presence of mouth alcohol detected during the test, the Intoxilyzer 5000EN would invalidate the test.
At the conclusion of the trial, defendant pleaded guilty to the charge of unlicensed operation of a motor vehicle. Following the trial, defendant was found guilty of driving while intoxicated (per se), driving while intoxicated (common law), speeding, failing to signal before turning, and operating a motor vehicle with a broken windshield. Defendant has been deported and is no longer within the court's jurisdiction.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of driving while intoxicated (per se), driving while intoxicated (common-law), and failing to signal before turning. The People presented evidence establishing that defendant had operated his motor vehicle and that, given the insufficient breath sample, his blood alcohol content was at least .12 of one percentum by weight (see People v DeMarasse, 85 NY2d 842 [1995]; People v Lont, 34 Misc 3d 142[A], 2012 NY Slip Op 50088[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). This evidence, together with evidence that defendant's speech had been slurred, he had red, glassy bloodshot eyes, there was a strong odor of alcohol on his breath, he had failed to properly perform several field sobriety tests, and that he had been observed making a left turn into a parking lot without signaling, was sufficient to sustain the convictions of driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common-law) (Vehicle and Traffic Law § 1192 [3]) and failing to signal before turning (Vehicle and Traffic Law § 375 [22]).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we accord great deference to the opportunity of the jury to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Adilovic, 34 Misc 3d 159[A], 2012 NY Slip Op 50437[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Upon a review of the record, we conclude that the verdicts finding defendant guilty of driving while intoxicated (per se), driving while intoxicated (common-law) and failing to signal before turning were not against the weight of the evidence (see People v Danielson, 9 NY3d at 348-349).
We are further of the opinion that the evidence, when viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d at 621), was legally insufficient to establish defendant's guilt of speeding (Vehicle and Traffic Law § 1180 [d]) and operating a motor vehicle with a broken windshield (Vehicle and Traffic Law § 375 [22]). The arresting officer failed to provide testimony regarding the locations of any posted speed limit signs (see People v Lathrop, 3 NY2d 551, 553 [1958]) and merely testified that, in the "whole Village of Hempstead, the speed limit is 30" (see People v Tortora, 21 Misc 3d 146[A], 2008 NY Slip Op 52564[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Additionally, the People failed to provide a description of the cracked windshield so as to establish that it had "distort[ed] visibility" while [*4]defendant had been operating the vehicle (Vehicle and Traffic Law § 375 [22]). Consequently, the judgments convicting defendant of speeding and operating a motor vehicle with a broken windshield must be reversed and the simplified traffic informations charging those offenses dismissed.
We cannot agree with defendant's contention that the District Court's Sandoval ruling was improper. The District Court struck an appropriate balance on the issue of credibility between, on the one hand, the probative value of defendant's prior conviction and his status as an "illegal alien" (see People v Medina, 281 AD2d 563 [2001]; People v Kaplan, 199 AD2d 82 [1993]) and, on the other hand, the potential prejudice to defendant (see People v Hayes, 97 NY2d 203, 207-208 [2002]; People v Barton, 110 AD3d 1089, 1090 [2013]). Contrary to defendant's contention, the " mere fact that the defendant has committed a crime similar to the one for which he is currently being tried does not preclude inquiry into the prior crime' " (People v DaCosta, 31 Misc 3d 142[A], 2011 NY Slip Op 50832[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011], quoting People v Avila, 69 AD3d 642, 642 [2010]). 
We further find that the District Court did not improvidently exercise its discretion in limiting the defense's cross-examination of the People's witnesses (see Delaware v Van Arsdall, 475 US 673, 679 [1986]; People v Shields, 100 AD3d 549, 550 [2012]; People v Rivera, 98 AD3d 529 [2012]; People v Turner, 53 Misc 3d 130[A], 2016 NY Slip Op 51368[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; see also People v Marino, 99 AD3d 726 [2012]). Additionally, we find that the court properly exercised its discretion in refusing to qualify defendant's witness as an expert since defendant had not shown what evidence its expert witness would have offered that was material to this case involving a breath test result from an Intoxilyzer 5000EN device, aside from factors that may have affected the BAC reading that were speculative and theoretical at best (see People v Lent, 29 Misc 3d 14, 16-17 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Moreover, the District Court's admission into evidence of the two breath test cards and the record of the simulator solution used in the Intoxilyzer 5000EN to test defendant's breath was not improper (see People v DeMarasse, 85 NY2d at 845; People v Morren, 52 Misc 3d 132[A], 2016 NY Slip Op 51005[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), and did not violate the Confrontation Clause (see Crawford v Washington, 541 US 36 [2004]; Melendez-Diaz v Massachusetts, 557 US 305 [2009]; People v Pealer, 20 NY3d 447 [2013]).
In considering the merits of defendant's Batson challenge, we note that he has pointed to nothing beyond the fact that prospective juror number 7 was female, which fact, standing alone, did not give rise to an inference that striking her from the jury panel was based on a discriminatory motive (see People v Henderson, 305 AD2d 940, 941 [2003]). Indeed, even "[a] disproportionate number of strikes, without more, is rarely dispositive of the issue of impermissible discriminatory motive" (People v Stanley, 292 AD2d 472, 473 [2002] [internal quotation marks omitted]; see generally People v Connelly, 54 AD3d 348, 349 [2008] [defendant "offered no showing of circumstances sufficient to raise an inference of a pattern of discrimination"]). Consequently, we find that the District Court properly determined that defendant had failed to establish a pattern of purposeful exclusion sufficient to raise an inference of discrimination under the first step articulated in Batson (see People v Sydoriak, 147 AD3d 791 [2017]).
Vehicle and Traffic Law § 1194 (2) (f) provides that "[e]vidence of a refusal to submit to such chemical test or any portion thereof shall be admissible in any trial, proceeding or hearing based upon a violation of the provisions of section eleven hundred ninety-two of this article but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in the refusal."
Defendant claims that he did not understand the refusal warnings given to him by the officer as to his obligation to submit to the test, and, thus, the District Court should have suppressed evidence of his refusal to submit to the chemical breath test. Assuming, without deciding, that submitting to two breath tests which, in each case, resulted in a readout of "insufficient sample," and yet found a BAC of .12 and .13 (which levels would exceed the level set forth in Vehicle and Traffic § 1192 [2]), constitutes a "failure" of such tests, thereby warranting a finding of two refusals to submit to a chemical test pursuant to Vehicle and Traffic Law § 1194 (2) (f) (formerly Vehicle Traffic Law § 1194 [4]) (see generally People v Adler, 145 AD2d 943, 944 [1988]; Matter of Van Sickle v Melton, 64 AD2d 846 [1978] [when a breathalyzer test fails for reasons attributable to the defendant, a refusal may be found]; see also People v Bratcher, 165 AD2d 906, 907 [1990]), we find that the District Court properly declined to suppress evidence of such refusals. Defendant was given "clear and unequivocal" (Vehicle and Traffic Law § 1194 [2] [f]) warnings of the effect of his refusal, and he persisted in failing to comply with instructions as to how to properly execute the test (see Matter of Van Sickle v Melton, 64 AD2d at 846). The officer testified that defendant appeared to understand the warnings given to him in English, and that defendant had acknowledged his assent in English, both orally and in writing. Defendant's assertions to the contrary merely created factual issues, which the jury resolved against him (see People v Reynolds, 133 AD2d 499 [1987]). 
As defendant raises no issue with respect to the judgment convicting him, upon his plea of guilty, of unlicensed operation of a vehicle (Vehicle and Traffic Law § 509 [1]), so much of the appeal as is from that judgment is dismissed as abandoned (see People v Bankupally, 51 Misc 3d 144[A], 2016 NY Slip Op 50710[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Accordingly, the judgments convicting defendant of driving while intoxicated (per se), driving while intoxicated (common law), failing to signal before turning are affirmed. The judgments convicting defendant of speeding and operating a motor vehicle with a broken windshield are reversed and the two simplified traffic informations charging those offenses are dismissed. So much of the appeal as is from the judgment convicting defendant of unlicensed operation of a motor vehicle is dismissed as abandoned.
MARANO, P.J., TOLBERT and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2017