The People of the State of New York, Respondent,
against
Amandeep Dheria, Appellant.




Robert DiDio & Associates (Danielle Muscatello of counsel), for appellant.
Nassau County District Attorney (Yael V. Levy and Brian Witthuhn of counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, First District (Joseph B. Girardi, J.), rendered April 10, 2017. The judgments convicted defendant, after a nonjury trial, of driving while intoxicated (common law) and stopping, standing, or parking outside of business or residence districts, and imposed sentences. The appeal brings up for review so much of an order of that court (Andrew M. Engel, J.) dated November 4, 2016 as denied, after a hearing, the branch of defendant's motion seeking to suppress evidence of defendant's refusal to submit to a chemical test.




ORDERED that the judgments of conviction are affirmed.
Defendant was charged, in separate simplified traffic informations, with violating Vehicle and Traffic Law § 1192 (3) ("Driving while intoxicated") and Vehicle and Traffic Law § 1201 (a) ("Stopping, standing, or parking outside of business or residence districts"). Following a hearing, the District Court found that defendant's refusal to submit to a chemical test was admissible as evidence at trial. After a nonjury trial, defendant was found guilty of both charges.
Contrary to defendant's contention, the court did not err in denying the branch of her motion seeking to suppress evidence of her refusal to submit to a chemical test (see Vehicle and Traffic Law § 1194 [2] [f]). The evidence at the hearing established that defendant had been given sufficient warning, in clear and unequivocal language, of the effect of a refusal to submit to the chemical test and that providing an inadequate breath sample would be considered refusal by conduct. The evidence further established that the failure to register a sample was the result of defendant's intentional and persistent refusal by conduct on eight separate occasions, not of the machine's inability to register a sample (see People v Bombard, 143 AD3d 1257 [2016]; People v Adler, 145 AD2d 943 [1988]).
There is no merit to defendant's contention that the trial court should have granted her motion for a mistrial based on the prosecution's failure to timely disclose a statement of a prosecution witness relating to the subject matter of that witness's testimony (see CPL 240.45 [1] [a]; People v Rosario, 9 NY2d 286 [1961]). Defendant failed to demonstrate that she had suffered any prejudice from the delay in disclosure (see CPL 240.75; People v Johnson, 165 AD3d 1287 [2018]; People v Sanchez, 144 AD3d 1179, 1180 [2016]), and the court afforded defendant the opportunity to review the material and recall the relevant witness for cross-examination concerning this material (see People v Sanchez, 144 AD3d at 1180; People v King, 298 AD2d 530, 531 [2002]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to support defendant's convictions of violating Vehicle and Traffic Law § 1192 (3) and Vehicle and Traffic Law § 1201 (a). Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdicts were not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Defendant's remaining contention is without merit.
Accordingly, the judgments of conviction are affirmed.
ADAMS, P.J., GARGUILO and RUDERMAN, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 25, 2019