■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
EDWARD SARGENT, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 17, 1985, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the second degree.

In October 1983, defendant and Robert Scott were indicted for criminal possession of stolen property in the first degree. There was testimony that defendant had participated in a series of burglaries in the Albany area. Some of the stolen property had been stored in a rental locker at the U-Haul Storage Center in the City of Albany. Police had entered the rented locker with the permission of Scott, one of the lessees of the locker, and discovered various items of stolen property. Defendant was found guilty by a jury of criminal possession of stolen property in the second degree, a lesser included offense under the indictment. Defendant was sentenced to 1⅓ to 4 years' imprisonment. This appeal followed.

Defendant contends that County Court's charge with respect to accomplice testimony was inadequate. A defendant may not be convicted solely upon the uncorroborated testimony of an accomplice (CPL 60.22 [1]). There must be other evidence which tends to connect the defendant with the commission of the crime (People v Hudson, 51 NY2d 233, 238). The failure to give a proper charge regarding this corroboration requirement can constitute reversible error (see, People v Van Denburg, 107 AD2d 891). Here, it is uncontested that Scott was an accomplice and that he was a key witness against defendant. Review of County Court's charge reveals that it made clear to the jury that Scott was to be considered an accomplice. The court further stated that defendant could not be convicted of criminal possession of stolen property solely upon the testimony of an accomplice. The jury was instructed that it must find that evidence other than the testimony of Scott tended to connect defendant with the charged offense. It is evident that County Court's charge was adequate and did not deprive defendant of a fair trial.

Next, defendant argues that the prosecution failed to establish that defendant knowingly possessed the stolen property. We cannot agree. Scott's testimony clearly established this element and there was sufficient corroborative evidence for the jury to accept Scott's testimony. Among other things, U-Haul employees testified to observing defendant at the facility, defendant's personal belongings were found in the locker evidencing his dominion and control over the locker, and an

individual who had purchased items from defendant testified regarding defendant's access to the locker.

Defendant's assertion that County Court erred in allowing testimony of an uncharged burglary to establish defendant's knowledge and a common scheme has been considered and found unpersuasive (see, Richardson, Evidence § 176, at 145-146 [Prince 10th ed]).

Judgment affirmed. Weiss, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.