■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIHA DAVIS, Appellant. [642 NYS2d 59] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered December 11, 1992, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cooperman, J.), of that branch of defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

That branch of the defendant's omnibus motion which was to suppress the victims' testimony concerning their showup identifications of the defendant was properly denied since the subject identifications occurred in close spatial and temporal proximity to the offense and subsequent apprehension of the defendant (*see, People v Duuvon,* 77 NY2d 541, 544-545).

In addition, the defendant's contention that his right to be

present at all material stages of the trial was violated by his absence from certain sidebar conferences at which prospective jurors were questioned by the court is without merit (*see generally, People v Antommarchi,* 80 NY2d 247, 250). The record clearly evinces that of the six such conferences cited by the defendant, five concerned prospective jurors' disqualification for cause (*see,* CPL 270.20). Whether to disqualify these five prospective jurors, who either manifested an inability to render an impartial verdict (*see,* CPL 270.20 [1] [b]) or an inability to adequately communicate in the English language (*see,* CPL 270.20 [1] [a]; Judiciary Law § 510), "was a decision for the trial court to make after hearing argument, if any, by counsel, at which defendant could not have made any meaningful contribution" (*People v Feliciano,* 88 NY2d 18, 28). Accordingly, the defendant's absence from the five subject sidebar conferences does not require reversal. Similarly, with reference to the sixth sidebar conference, the defendant's absence therefrom does not mandate reversal because the prospective juror who was questioned by the court was thereupon peremptorily challenged by the People (*see, People v Feliciano, supra*).

We have examined the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Pizzuto, Joy and Krausman, JJ., concur.