■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN TAVARES, Appellant. [721 NYS2d 236] —Judgment, Supreme Court, New York County (Jay Gold, J., at suppression hearing; Dorothy Cropper, J., at jury trial and sentence), rendered November 19, 1997, convicting defendant of two counts of robbery in the first degree and one count of robbery in the second degree, and sentencing him to concurrent terms of 10 to 20 years, 10 to 20 years and 7½ to 15 years, unanimously modified, on the law, to the extent of reducing the sentence for robbery in the second degree to 5 to 15 years, and otherwise affirmed.

Defendant's suppression motion was properly denied. Probable cause to arrest was provided by information obtained from defendant's accomplice, whose statements were against his penal interest as well as being corroborated by information independently gathered by the police (*People v McCann*, 85 NY2d 951; *People v Comforto*, 62 NY2d 725).

There is no derivative right to counsel where a defendant

represented on a matter in which he or she is not in custody is questioned on an unrelated matter (*People v Bing*, 76 NY2d 331), and there is no basis upon which to create an exception for the situation where the police are aware that the attorney who represents a defendant on an unrelated case is in the vicinity. Therefore, when defendant was arrested after appearing in court on an unrelated case, the police were under no obligation to notify counsel and defendant's subsequent waiver of his rights was effective.

As the People correctly concede, defendant's sentence on his conviction of robbery in the second degree should have been 5 to 15 years. We perceive no basis for any other reduction of sentence. Concur—Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.