■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID THIGPEN, Appellant. [788 NYS2d 174]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered April 16, 2001, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) was properly denied as he failed to make the requisite prima facie showing of discrimination. The defendant relied solely on the number of black venirepersons challenged to support his request for race-neutral explanations, and offered no showing of facts and circumstances sufficient to raise an inference of a pattern of discrimination (*see People v Brown*, 97 NY2d 500, 507-508 [2002]; *People v Jenkins*, 84 NY2d 1001, 1003 [1994]; *People v Narvaez*, 298 AD2d 603 [2002]).

The defendant's contention that his right to be present at all material stages of the trial was violated by his absence from certain sidebar conferences at which prospective jurors were questioned is without merit (*see generally People v Antommarchi*, 80 NY2d 247 [1992]). The record demonstrates that the prospective jurors who were questioned were either excused for cause by the trial court or were peremptorily challenged by the People. Therefore, the defendant's absence does not require reversal (*see People v Roman*, 88 NY2d 18 [1996]; *People v Persad*, 306 AD2d 359 [2003]; *People v Davis*, 227 AD2d 414 [1996]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Ritter, Fisher and Lifson, JJ., concur.