■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MARTINEZ, Appellant. [792 NYS2d 349]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered April 21, 2003, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's convictions stem from a June 17, 2001, attack on the complainant in the vicinity of College Point Boulevard and 20th Avenue in Queens. The defendant contends that another person at the scene committed the assault.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

We also reject the defendant's assertion that he was denied

the effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, it is incumbent on the defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged failures in representation (*see People v Rivera*, 71 NY2d 705, 709 [1988]). The defendant failed to do so.

Furthermore, the defendant's contention that certain comments made by the prosecutor during summation were improper was unpreserved for appellate review as the defense failed to specifically object to them at trial (*see* CPL 470.05 [2]; *People v Tonge*, 93 NY2d 838 [1999]). In any event, the challenged remarks were either a permissible response to the defense counsel's summation or fair comment on the evidence adduced at trial (*see People v Valdes*, 291 AD2d 513 [2002]). Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.