THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW LYONS, Appellant. [801 NYS2d 752]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered January 27, 2004, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The factual findings and credibility determinations of the hearing court are entitled to great deference and will not be disturbed unless they are clearly without support in the record (*see People v Myers,* 17 AD3d 699, 700 [2005], *lv denied* 5 NY3d 766 [2005]; *People v Leggio,* 305 AD2d 518, 519 [2003]). There is no basis to disturb those findings here. The defendant had no independent right to counsel at the investigatory lineup (*see Kirby v Illinois,* 406 US 682, 688-89 [1972]; *People v Hawkins,* 55 NY2d 474, 482 [1982], *cert denied* 459 US 846 [1982]). In the absence of a request for counsel, the defendant's right to counsel did not attach merely by reason of his representation in an unrelated criminal proceeding (*see People v Burdo,* 91 NY2d 146, 149 [1997]; *People v Bing,* 76 NY2d 331 [1990]; *People v Hinckson,* 266 AD2d 404 [1999]), even though his counsel in the unrelated proceeding may have been nearby at the time of the arrest (*see People v Tavares,* 281 AD2d 177 [2001]). The defendant's right to counsel was not violated in such circumstances and those branches of his motion which were to suppress his statements and the evidence discovered in the course of a search derived from those statements was thus properly denied.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are either without merit or academic in light of the foregoing. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.