■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENDALL LAWSON, Appellant. [835 NYS2d 415]—Appeal by the defendant from a judgment of the County Court, Westchester County (Adler, J.), rendered December 8, 2005, convicting him of attempted murder in the second degree, assault in the first degree (two counts), attempted robbery in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, since he failed to address any specific ground as a basis for dismissal in the trial

court (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *see e.g. People v Almonte*, 23 AD3d 392 [2005]; *People v Martinez*, 17 AD3d 484, 485 [2005]; *People v Elliot*, 216 AD2d 576 [1995]). In any event, the remarks made by the prosecutor during summations did not deprive the defendant of a fair trial. A review of the challenged comments reveals that they were fair comment on the evidence adduced at trial (*see People v Martinez, supra*; *People v Indelecio*, 8 AD3d 406 [2004]; *People v Scotti*, 220 AD2d 543 [1995]). Moreover, even if these comments represented misstatements of certain facts adduced at trial, they do not constitute grounds for reversal as there was overwhelming evidence of the defendant's guilt (*see People v Elliot, supra* at 577; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]), and the trial court expressly instructed the jurors prior to summations that "[i]t is for you, and you alone to determine the facts from the evidence which you find to be truthful and accurate," that if an attorney asserted a fact that was not based on the evidence, it must be disregarded, and that it was their own recollection of the evidence which controlled.

The defendant's contention that the court's charge on the accomplice corroboration requirement of CPL 60.22 was inadequate or confusing is unpreserved for appellate review (*see People v Edwards*, 28 AD3d 491 [2006]; *People v Kettreis*, 19 AD3d 706, 707 [2005]). In any event, this contention is without merit since, when viewed as a whole, the court's charge on accomplice corroboration was proper (*see People v A.S. Goldmen, Inc.*, 9 AD3d 283, 285-286 [2004]; *People v Sargent*, 138 AD2d 856 [1988]; *People v Konigsberg*, 137 AD2d 142, 147 [1988]). Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.