■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN SEVERINO, Appellant. [844 NYS2d 391]—

Appeals by the defendant from (1) a judgment of the Supreme

Court, Kings County (Carroll, J.), rendered May 29, 2003, convicting him of criminal possession of a controlled substance in the seventh degree under indictment No. 5370/02, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court rendered July 3, 2003, revoking a sentence of probation previously imposed by the same court (Ambrosio, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal possession of a controlled substance in the third degree under indictment No. 5118/00.

Ordered that the judgment and the amended judgment are affirmed.

The Supreme Court providently exercised its discretion in trying the defendant in absentia. The record reveals that the defendant was informed, in accordance with *People v Parker* (57 NY2d 136, 140 [1982]), of his right to be present at trial as well as the consequences of failing to appear. During jury voir dire, the defendant failed to return to court at the conclusion of a lunch recess. Contrary to the defendant's contention, the People established at a hearing that a reasonable effort had been made to locate him, and the trial court properly considered the appropriate factors before deciding to proceed with the trial in his absence (*see People v Parker*, 57 NY2d at 142). In these circumstances, the defendant waived his right to be present at trial (*see People v Parker*, 57 NY2d at 140-141) and, in any event, forfeited that right by absconding after trial proceedings had commenced (*see People v Sanchez*, 65 NY2d 436, 443-444 [1985]; *People v James*, 19 AD3d 615, 615-616 [2005]; *People v Aponte*, 204 AD2d 339 [1994]).

The defendant's *Batson* challenges (*see Batson v Kentucky*, 476 US 79 [1986]) were properly denied since he failed to make the requisite prima facie showing of discrimination. Defense counsel relied solely on the proportion of peremptory challenges used against black venirepersons and offered no showing of facts and circumstances sufficient to raise an inference of a pattern of discrimination (*see People v Brown*, 97 NY2d 500, 507-508 [2002]; *People v Thigpen*, 14 AD3d 518 [2005]; *People v Rodriguez*, 272 AD2d 482 [2000]).

The defendant's contention that the Supreme Court erred in admitting testimony concerning the content of a police radio communication is without merit. The Supreme Court properly permitted such testimony only to establish circumstances relevant to the arrest and not to bolster identification evidence (*see People v Isaac*, 222 AD2d 523, 524 [1995]; *People v Thompson*,

202 AD2d 454, 455 [1994]; *People v Burrus*, 182 AD2d 634 [1992]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court's decision to hold a hearing in absentia to determine whether the defendant had violated a condition of his probation was not an improvident exercise of discretion. The defendant had been advised at the time he was placed on probation that if he failed to appear to answer a charge that he had violated a condition of probation, a hearing on that charge could proceed in his absence and could result in revocation of his probation. The hearing court properly determined that the defendant had been advised of his right to appear at the hearing and the consequences of failing to appear in accordance with the requirements of *People v Parker* (*see People v Smith*, 148 AD2d 1007, 1007-1008 [1989]). In light of the defendant's lengthy and unexplained absence, there is no indication in the record that an adjournment would have resulted in his appearance.

The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.