■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAUNCY RAMOS, Appellant. [850 NYS2d 107]—Appeal by the de-

fendant from a judgment of the County Court, Westchester County (DiBella, J.), rendered November 16, 2004, convicting him of assault in the second degree and criminal possession of a weapon in the third degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied that branch of his motion which was to suppress his statements to law enforcement officials. The determination was based on a finding that the defendant was advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436, 444-445 [1966]) before any custodial interrogation and that the statements were knowingly, voluntarily, and intelligently made, and also based upon a finding that the defendant did not unequivocally invoke his right to counsel before making statements to the police. The credibility determinations of the hearing court are entitled to great deference (*see People v Lyons*, 22 AD3d 606 [2005]). Here, the County Court's determination was supported by the record.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of the crimes of assault in the second degree (*see* Penal Law § 120.05 [2], [5]) and criminal possession of a weapon in the third degree (*see* Penal Law § 265.01 [1]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

Contrary to the People's contention, the defendant's failure to challenge the sentence in the County Court did not render his claim unpreserved for appellate review, because a challenge to an unlawful sentence falls outside of the preservation rule (*see People v Samms*, 95 NY2d 52, 54 [2000]; *see also People v Morse*, 62 NY2d 205, 214 [1984]). Contrary to the defendant's contention, however, he was properly adjudicated a persistent felony offender for his conviction on each of the counts of criminal possession of a weapon in the third degree because he was previously convicted of two or more felonies, and was imprisoned for those felonies before the commission of the present felonies (*see* Penal Law § 70.10 [1] [a], [b] [ii]). Furthermore, the County Court providently exercised its discretion in finding

that "the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10 [2]).

The defendant's remaining contentions are without merit. Miller, J.P., Ritter, Santucci and Balkin, JJ., concur.