■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSS DIAZ, Appellant. [872 NYS2d 533]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered May 2, 2007, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, petit larceny, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) was properly denied as he failed to make the requisite prima facie showing of discrimination. The defendant relied solely on the number of Latino venirepersons challenged to support his request for race-neutral explanations, and offered no showing of circumstances sufficient to raise an inference of a pattern of discrimination (*see People v Brown*, 97 NY2d 500, 507-508 [2002]; *People v Severino*, 44 AD3d 1077 [2007]; *People v Thigpen*, 14 AD3d 518 [2005]).

The defendant's contention that certain comments made by the prosecutor during summation constituted reversible error is without merit. Most of the challenged remarks were proper because they were fair comment on the evidence adduced at

trial or a fair response to the defense summation (*see People v Ashwal*, 39 NY2d 105 [1976]; *People v Lawson*, 40 AD3d 657, 658 [2007]; *People v Martinez*, 17 AD3d 484, 485 [2005]; *People v Indelecio*, 8 AD3d 406, 407 [2004]). To the extent that any of the challenged summation comments were improper, they do not constitute grounds for reversal as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Lacewell*, 44 AD3d 876, 877 [2007]). Covello, J.P., Angiolillo, Leventhal and Belen, JJ., concur.