■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIE ARENA, Appellant. [894 NYS2d 467]—

The defendant was charged with murdering her boyfriend in her home in April 2000. At trial, evidence was adduced that one of the defendant's accomplices forcibly injected the victim with a fatal dose of heroin while the defendant and other accomplices held the victim down. Two of the accomplices were alleged to have buried the victim's body in the Massapequa Preserve, a

nature preserve, two days later. The police recovered the victim's remains from that preserve more than one year later.

The defendant contends, inter alia, that the County Court should have suppressed the statement she made to law enforcement officials. Once a criminal defendant's indelible right to counsel attaches, "interrogation is prohibited unless the right is waived in the presence of counsel" (*People v Grice*, 100 NY2d 318, 321 [2003]). A defendant's indelible right to counsel attaches: (1) upon the formal commencement of a criminal action by the filing of an accusatory instrument, whether or not the defendant has actually retained or requested a lawyer (*see People v West*, 81 NY2d 370, 373 [1993]), or (2) "when a person in custody requests to speak to an attorney or when an attorney who is retained to represent the suspect enters the matter under investigation" (*People v Grice*, 100 NY2d at 321). Here, at the time the defendant made her statement, formal proceedings had not commenced. The hearing evidence established that the defendant did not unequivocally invoke her right to counsel before making the statement (*see People v Ramos*, 45 AD3d 702, 703 [2007]; *People v Rushion*, 26 AD3d 448 [2006]). Further, contrary to the defendant's contention, the hearing evidence established that no attorney representing the suspect had entered the matter at the time of the initial investigation into the victim's disappearance or at any time thereafter. In particular, although there was evidence that attorney Justin Lite spoke to the police during the missing persons investigation, those conversations were limited to a discussion of Lite's involvement in a prior deed transfer and other civil matters. Lite acknowledged that he never told the police not to speak to the defendant in his absence. It was undisputed that Lite did not contact the police on the day of the defendant's arrest, when she made the written statement. Moreover, Lite's prior representation of the defendant on an unrelated civil matter did not establish that the defendant was represented by counsel at the time she made the statement (*see People v Kent*, 240 AD2d 772, 773 [1997]; *see also Matter of Richard UU.*, 56 AD3d 973 [2008]). Under these circumstances, the County Court properly denied suppression of the defendant's statement (*see People v Ramos*, 45 AD3d 702 [2007]; *People v Lyons*, 22 AD3d 606 [2005]).

The defendant also contends that the prosecutor committed misconduct by asking certain questions on cross-examination regarding the unrelated murder of the defendant's son-in-law. Any alleged error, however, was harmless, in light of the overwhelming evidence of guilt, and the fact that there is no significant probability that the alleged error might have

contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The defendant failed to preserve for appellate review her contention regarding the jury charge on corroboration of accomplice testimony (*see* CPL 470.05 [2]; *People v Lawson*, 40 AD3d 657, 658 [2007]; *People v Edwards*, 28 AD3d 491, 492 [2006]). In any event, the charge conveyed the correct principles of corroboration of accomplice testimony (*see* CPL 60.22; *People v Besser*, 96 NY2d 136, 143-144 [2001]; *People v Lawson*, 40 AD3d at 658).

The defendant received meaningful representation by defense counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Fisher, Belen and Austin, JJ., concur.