■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SANTOS, Appellant. [963 NYS2d 380]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered May 2, 2007, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, petit larceny, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) was properly denied, as he failed to make the requisite prima facie showing of discrimination. The defendant relied solely on the number of Latino venirepersons that were challenged to support his request for race-neutral explanations, and offered no showing of circumstances sufficient to raise an inference of a pattern of discrimination (*see People v Brown*, 97 NY2d 500, 507-508 [2002]; *People v Diaz*, 59 AD3d 459 [2009]; *People v Severino*, 44 AD3d 1077 [2007]; *People v Thigpen*, 14 AD3d 518 [2005]).

The defendant's contention that certain comments made by the prosecutor during summation constituted reversible error is unpreserved for appellate review, since the defendant made only general objections to several comments, did not request curative instructions when the objections were sustained, and did not timely move for a mistrial (*see* CPL 470.05 [2]; *People v White*, 5 AD3d 511 [2004]). In any event, the defendant's contention is without merit because the challenged remarks were a fair response to the defense summation (*see People v Ashwal*, 39 NY2d 105 [1976]; *People v Diaz*, 59 AD3d at 459; *People v Lawson*, 40 AD3d 657, 658 [2007]; *People v Martinez*, 17 AD3d 484, 485 [2005]; *People v Indelecio*, 8 AD3d 406, 407 [2004]).

The defendant's remaining contention is without merit. Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.