■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBINSON AKENAMI, Appellant. [55 NYS3d 428]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered March 21, 2014, convicting him of scheme to defraud in the first degree, grand larceny in the third degree (six counts), and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the prosecution established by a preponderance of the evidence that venue was proper in Kings County (*see* CPL 20.40 [1]; *People v Greenberg*, 89 NY2d 553, 555-556 [1997]; *People v Ribowsky*, 77 NY2d 284, 291-292 [1991]).

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's challenge to the Supreme Court's instruc-

tion to the jury on grand larceny in the fourth degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Washington*, 117 AD3d 1091, 1092 [2014]; *People v Hall*, 56 AD3d 798, 799 [2008]) and, in any event, without merit. As the instruction was not improper, defense counsel's failure to object to that instruction did not constitute ineffective assistance of counsel (*see People v Smith*, 135 AD3d 970, 971 [2016]; *People v Muirhead*, 110 AD3d 833, 835 [2013]).

The defendant's contention that certain remarks made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Martin*, 116 AD3d 981, 982 [2014]; *People v Santos*, 105 AD3d 1064, 1065 [2013]). In any event, the challenged summation remarks were either fair comment on the evidence or within the bounds of permissible rhetorical comment (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]). Since the challenged remarks were not improper, defense counsel's failure to object to these remarks did not constitute ineffective assistance of counsel (*see People v Stevenson*, 129 AD3d 998, 999 [2015]; *People v McGowan*, 111 AD3d 850, 851 [2013]).

The defendant also failed to preserve for appellate review his contention that the Supreme Court, by the sentence it imposed after trial, penalized him for exercising his right to a trial (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Prince*, 128 AD3d 987, 988 [2015]; *People v Murray*, 116 AD3d 1068, 1069 [2014]). In any event, the record does not indicate any retaliation or vindictiveness against the defendant for electing to proceed to trial (*see People v Seymore*, 106 AD3d 1033, 1034 [2013]; *People v Griffin*, 98 AD3d 688, 690 [2012]).

Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.