People v Mancha (2018 NY Slip Op 04566)





People v Mancha


2018 NY Slip Op 04566


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2015-04738
 (Ind. No. 8266/13)

[*1]The People of the State of New York, respondent,
v
Rudy Mancha, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Victor Barall, and John C. Carroll of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond Guzman, J.), rendered May 15, 2015, convicting him of burglary in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination to deny the defendant's Batson challenge (see Batson v Kentucky, 476 US 79), as the defendant failed to make a prima facie showing of purposeful discrimination in the People's exercise of peremptory challenges. The defendant merely contended that the prosecution peremptorily challenged the only two Hispanic male jurors who were on the panel of prospective jurors for the fourth round of jury selection and had previously challenged another Hispanic male juror in a prior round. The defendant did not offer a showing of facts and circumstances sufficient to raise an inference of purposeful discrimination (see People v Hecker, 15 NY3d 625, 653-655; People v Childress, 81 NY2d 263, 267-268; People v Bolling, 79 NY2d 317, 325; People v Santos, 105 AD3d 1064, 1065; People v Redish, 262 AD2d 664, 665).
The defendant's contention that the DNA evidence presented at trial violated his rights under the Sixth Amendment's Confrontation Clause because the testifying analyst merely "function[ed] as a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315; see Crawford v Washington, 541 US 36, 53-54; People v Austin, 30 NY3d 98) is unpreserved for appellate review, and we decline to review this issue in the exercise of our interest of justice jurisdiction.
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. A review of the record reveals that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137; People v Charles, 309 AD2d 873). The defendant has failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (People v Benevento, 91 NY2d at 712 [internal quotation marks omitted]; see People v Taylor, 1 NY3d 174, 176).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court