People v Gaston (2018 NY Slip Op 08031)





People v Gaston


2018 NY Slip Op 08031


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2014-03399
 (Ind. No. 2555/11)

[*1]The People of the State of New York, respondent,
v
Salvatrice Gaston, appellant.


The Legal Aid Society, New York, NY (Susan Epstein of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Michelle Maerov, Mikki Kowalski, and Jodi Danzig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joel M. Goldberg, J.), rendered March 21, 2014, convicting her of scheme to defraud in the first degree and grand larceny in the third degree (six counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish her guilt is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, the defendant's contention is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of scheme to defraud in the first degree and six counts of grand larceny in the third degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that certain remarks made by the prosecutor during summation were improper and deprived her of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Martin, 116 AD3d 981, 982; People v Santos, 105 AD3d 1064, 1065). In any event, the challenged summation remarks were either fair comment upon the evidence or within the [*2]bounds of rhetorical comment (see People v Galloway, 54 NY2d 396, 399; People v Ashwal, 39 NY2d 105, 109-110). Since the challenged remarks were not improper, defense counsel's failure to object to these remarks did not constitute ineffective assistance of counsel (see People v Akenami, 151 AD3d 732, 733; People v Stevenson, 129 AD3d 998, 999; People v McGowan, 111 AD3d 850, 851).
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court