People v Ramjattan (2023 NY Slip Op 04601)

People v Ramjattan

2023 NY Slip Op 04601

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-01441
 (Ind. No. 615/20)

[*1]The People of the State of New York, respondent,
v
Neiman A. Ramjattan, appellant.

Michael L. Soshnick, Mineola, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Lauren Tan, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered February 24, 2022, convicting him of reckless assault of a child and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted of reckless assault of a child and endangering the welfare of a child based on his conduct in shaking his four-week-old baby, causing serious injuries to the baby.
The County Court properly denied, after a hearing, that branch of the defendant's omnibus motion which was to suppress oral statements he made to law enforcement officials on August 24, 2020. That day, the defendant made inculpatory statements during an interview with detectives at the hospital where the baby was being treated. The defendant contends that these statements should have been suppressed because an individual taken into custody for interrogation must be informed of his or her rights pursuant to Miranda v Arizona (384 US 436; see People v Humphrey, 176 AD3d 1101). Whether an individual is in custody is generally a question of fact which does not depend on the subjective beliefs of the defendant or the subjective intent of the police officers (see People v Lowe, 189 AD3d 1461). The test is whether a reasonable person, innocent of any crime, would have believed that he or she was not free to leave (see People v Paulman, 5 NY3d 122, 129).
Here, the circumstances indicate that the defendant was not in custody at the time he made the inculpatory statements (see People v Santjer, 190 AD3d 983, 984). Even if the questions of the detectives as to how the defendant could explain the baby's injuries "may have turned accusatory in nature," this did not render the interview custodial under the circumstances presented (People v Hirji, 185 AD3d 1053, 1056). The factual findings and credibility determinations of a hearing court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (see People v Burbridge, 194 AD3d 831).
The People furthermore demonstrated, beyond a reasonable doubt, that the defendant's statements were voluntary (see People v Plass, 160 AD3d 771). The detectives' statements during the interview did not create a substantial risk that the defendant might falsely incriminate himself, and were not of a nature that would have overborne the defendant's will (see People v Justiniano, 186 AD3d 1257; cf. People v Thomas, 22 NY3d 629). The record supports a finding that the detectives' hearing testimony, credited by the County Court, was not "incredible, patently tailored to overcome constitutional objections, or otherwise unworthy of belief" (People v Celestine, 208 AD3d 509, 509-510).
Furthermore, the defendant's statements were not obtained in violation of his right to counsel. No attorney representing the defendant had entered the matter at the time of his challenged statements (see People v Arena, 69 AD3d 867). An attorney-client relationship formed in a Family Court matter does not bar questioning in a criminal matter, as the indelible right to counsel does not attach by virtue of an attorney-client relationship in a civil proceeding (see People v Lewie, 17 NY3d 348, 360-361). Accordingly, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress inculpatory statements he made to detectives during the interview on August 24, 2020.
The defendant further contends that an additional inculpatory statement, made to a detective at the police station after his arrest on August 24, 2020, should have been suppressed. The County Court properly found that this statement was admissible, as it was spontaneously uttered not to, but within the hearing of, the detective, and was not induced, provoked, or encouraged by any actions of the police (see People v Fields, 212 AD3d 648). The statement was not made in response to any police question or any improper police conduct (see People v Velez-Garriga, 159 AD3d 928). Accordingly, the court properly denied that branch of the defendant's omnibus motion which was to suppress this statement made at the police station.
The County Court providently exercised its discretion in declining to grant the defendant an indefinite adjournment of the trial when certain defense witnesses were unwilling to travel during the COVID-19 pandemic (see People v Cooper, 192 AD3d 823). Requests for a brief adjournment to secure witnesses should generally be granted when the witness is identified and within the court's jurisdiction, and there is a showing of diligence and good faith (see People v King, 178 AD3d 853). Here, however, the defendant did not indicate when the particular experts would be willing to travel, and the court had already granted a prior request of the defendant to adjourn the trial. Moreover, the court's denial of a request for an adjournment will not be disturbed absent a showing of prejudice (see Peoplv v Orama, 157 AD3d 967).
The defendant contends that the County Court erred in failing to impose sanctions on the People pursuant to CPL 245.80 for untimely providing disclosure, including expert opinion evidence and witness information (see id. § 245.20[1][f]). Insofar as certain discovery was untimely, however, the defendant was not deprived of a fair trial, as there was no showing of bad faith on the part of the People which would warrant the extreme sanction of preclusion (see People v Porter, 210 AD3d 1012). Furthermore, the defendant did not show prejudice from any such delay in the disclosure of potential witnesses and related materials (see People v Johnson, 139 AD3d 967).
The County Court properly admitted into evidence internet searches for "shaken baby syndrome" and "abusive head trauma" that were made using a cell phone belonging to the defendant's wife. The foundation was laid for the admission of the searches with testimony that the defendant told a detective that he and his wife conducted those searches because "we're doctors, we thought the baby was showing signs of that" (see People v Waheed, 176 AD3d 1510). The evidence was admissible in that it was relevant to the suspicions of the defendant and his wife that the baby's injuries were caused by being shaken (see People v Harris, 26 NY3d 1, 5).
The record belies the defendant's contention that the County Court refused to allow him to be present and participate in sidebar discussions. A defendant has a right to be present at any material stage of the trial (see CPL 260.20; People v DePallo, 96 NY2d 437, 443; People v Antommarchi, 80 NY2d 247). Here, the record demonstrates that the defendant was present for each [*2]sidebar discussion, even when his presence was not required in that the discussion involved questions of law and procedure (see People v Dokes, 79 NY2d 656, 660; People v Dunaway, 207 AD3d 742).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Insofar as the defendant makes a general claim that judicial bias pervaded the trial, this contention is unpreserved for appellate review (see CPL 470.05[2]; People v Bell, 136 AD3d 838). In any event, a review of the record as a whole demonstrates that the County Court did not act with bias against the defendant and its rulings were fair and impartial throughout the trial (see People v Morrow, 172 AD3d 905).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court