People v James (2024 NY Slip Op 00915)

People v James

2024 NY Slip Op 00915

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-00678
 (Ind. No. 1151/19)

[*1]The People of the State of New York, respondent, 
v
Fermin James, appellant.

Samuel Coe, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Shea Scanlon Lomma and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Robert A. Neary, J.), rendered November 19, 2021, convicting him of course of sexual conduct against a child in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted of course of sexual conduct against a child in the second degree and endangering the welfare of a child, after a jury trial, at which the complainant testified.
The County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. "Miranda warnings are required only when a suspect is subjected to custodial interrogation, which, by definition, entails both custody and interrogation" (People v Lowe, 189 AD3d 1461, 1462 [internal quotation marks omitted]; see People v Paulman, 5 NY3d 122, 129). "Whether an individual is in custody is generally a question of fact which does not depend on the subjective beliefs of the defendant or the subjective intent of the police officers" (People v Ramjattan, 219 AD3d 1348, 1349; see People v Lowe, 189 AD3d at 1462). Rather, "[t]he standard for assessing a suspect's custodial status is whether a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (People v Paulman, 5 NY3d at 129; see People v Ramjattan, 219 AD3d at 1349).
Here, the evidence adduced at the suppression hearing established that the defendant voluntarily went to the police station, and although he had the option to drive himself, the defendant requested to ride in the police detective's vehicle. During the interview, the defendant was not placed in handcuffs, and the detective's questions were neither accusatory nor coercive. Therefore, the evidence at the suppression hearing supported the County Court's conclusion that the statements made by the defendant were not the product of a custodial interrogation (see People v Paulman, 5 NY3d at 129; People v Ramjattan, 219 AD3d at 1349).
Contrary to the defendant's contention, the County Court providently exercised its discretion in allowing the jury to utilize a transcript while the recording of the defendant's [*2]videotaped statement was played and properly instructed the jury that the transcript was merely an aid and not evidence, and that to the extent there was any discrepancy between the recording and the transcript, the recording controlled (see People v Lubow, 29 NY2d 58, 68; People v Hendricks, 161 AD3d 892, 892; People v Wilson, 207 AD2d 463, 464).
The County Court also providently exercised its discretion in denying, as untimely, the defendant's application for a missing witness charge based on the People's failure to call the complainant's father as a witness (see People v Carr, 14 NY3d 808, 809). Moreover, any testimony by the complainant's father regarding the exact hours or days he worked was not material to any element of the crimes charged, was cumulative of the testimony of the complainant and the complaint's mother, and defense counsel was permitted to comment during summation on the People's failure to call the father as a witness (see People v Williams, 5 NY3d 732, 734; People v Morris, 207 AD3d 477, 478; People v Johnson, 139 AD3d 967, 974, affd 31 NY3d 942).
Viewing the record as a whole, the defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court