People v Perry
2026 NY Slip Op 03005
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, appellant,
v
Wenross Perry, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2024-06477, (Ind. No. 73308/23)
Colleen D. Duffy, J.P.
Betsy Barros
Barry E. Warhit
Lisa S. Ottley, JJ.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, Rahul K. Sukesh, and Philip Amur of counsel), for appellant.
Patricia Pazner, New York, NY (Anna Kou of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (Karen Gopee, J.), dated April 16, 2024. The order, insofar as appealed from, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, and that branch of the defendant's omnibus motion which was to suppress physical evidence is denied.
The defendant was charged with, inter alia, criminal possession of a weapon in the second degree (two counts) (Penal Law § 265.03[1][b], [3]) and operating a motor vehicle while under the influence of alcohol as a misdemeanor, arising out of a traffic stop on the afternoon of September 3, 2023, after the police officers observed the defendant's vehicle run two red lights. The defendant "ben[t] down" and "reach[ed] underneath [his] seat" during the encounter. According to the officers, the defendant appeared to be under the influence of alcohol, as demonstrated by glossy eyes and somewhat slurred speech. The defendant was removed from the vehicle.
One of the officers recovered a capped Hennessy bottle on the floor behind the driver's seat, which constituted the traffic infraction of carrying an open container of alcohol (see Vehicle and Traffic Law § 1227). The officer then searched the rear passenger area and the side pocket of the driver's seat, moved the driver's seat backwards, and observed a cardboard box labeled "lithium battery portable power station" underneath the driver's seat. The cardboard box "felt heavy," was "a little cracked open," and was unsealed. The officer lifted the lid of the box, and observed a gun.
In his omnibus motion, the defendant moved, among other things, to suppress the gun recovered from the vehicle. In an order dated April 16, 2024, the Supreme Court, after a hearing, inter alia, granted that branch of the defendant's omnibus motion. The People appeal.
Pursuant to the automobile exception to the warrant requirement, a warrantless search of a vehicle is permitted when the police have probable cause to believe the vehicle contains [*2]contraband, a weapon, or evidence of a crime (see People v Fasoli, 242 AD3d 900, 901; People v Calixte, 229 AD3d 804, 806). Although the defendant's movements, standing alone, would not provide probable cause to search the vehicle (see People v Johnson, 183 AD3d 1273, 1275; People v Vargas, 89 AD3d 771, 772), nor would recovery of the Hennessy bottle, which was evidence of a traffic infraction, justify a search of the vehicle, here, the Supreme Court credited the officers' testimony that the defendant apparently had been drinking, and those factual findings and credibility determinations are entitled to great deference on appeal (see People v Ramjattan, 219 AD3d 1348, 1349). Thus, the police had probable cause to search the vehicle for evidence of the crime of operating a motor vehicle while under the influence of alcohol as a misdemeanor.
"If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search" (People v Fasoli, 242 AD3d at 901 [alteration and internal quotation marks omitted]), which may include closed containers (see People v Calixte, 229 AD3d at 806) "found therein in which there was probable cause to believe that the [contraband] may be found" (People v Crum, 219 AD3d 625, 626 [internal quotation marks omitted]; see People v Mosquito, 197 AD3d 504, 508).
The scope of a warrantless search of a vehicle is defined not by the nature of the container in which the contraband is secreted, but by the object of the search and the places in which there is probable cause to believe that it may be found (see People v Langen, 60 NY2d 170, 176). The relevant inquiry here is not whether the cardboard box could physically hold an open container of alcohol, but whether there was reason to believe that it did (see e.g. People v Ponder, 195 AD3d 123, 131).
Here the cardboard box containing the gun was unsealed and heavy, indicating it was not empty. Further the defendant moved his hands under the seat when he was stopped, indicating he may have been secreting contraband in the box. The issue was whether that search could extend to the cardboard box. The label on the box stating that it originally contained "lithium battery portable power station" was not particularly significant since the box was not new, was unsealed, and was of a size and shape that could store a variety of objects, including an alcohol bottle or a gun.
Accordingly, we reverse the order insofar as appealed from and deny that branch of the defendant's omnibus motion which was to suppress physical evidence.
DUFFY, J.P., BARROS, WARHIT and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court